UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

SUSAN SCALERO, an individual,

    Plaintiff,

vs.

                                                                                                                                           COMPLAINT

C.P.A. OF PALM BEACH COUNTY, INC., a
Florida for-profit corporation, and GAETANO
TREVISAN, an individual,

    Defendants.

_____/

## **COMPLAINT**

COMES NOW Plaintiff SUSAN SCALERO ("Plaintiff"), who was an employee of Defendants C.P.A. OF PALM BEACH COUNTY, INC. d/b/a Stresa Italian Restaurant, a Florida for-profit corporation ("C.P.A."), and GAETANO TREVISAN, an individual ("Trevisan") (together, "Defendants"), and files this Complaint for unpaid minimum wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA").

### I.    **JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

1

## II. PARTIES

3. Plaintiff SUSAN SCALERO ("Plaintiff") is over 18 years old and was a *sui juris* resident of Palm Beach County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant C.P.A. OF PALM BEACH COUNTY, INC. d/b/a Stresa Italian Restaurant ("C.P.A."), is a Florida for-profit company that owns and operates the Stresa Italian Restaurant located in West Palm Beach, Plam Beach County, Florida.

5. Defendant GAETANO TREVISAN ("Trevisan"), an individual and *sui juris*, was the owner and manager of the C.P.A.. Trevisan acted directly and indirectly in the interest of C.P.A.. Trevisan managed C.P.A. and had the power to direct employees' actions. Trevisan had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees of C.P.A. in accordance with the FLSA, making Defendant GAETANO TREVISAN an employer pursuant to 29 USC § 203(d).

## III. COVERAGE

6. During the all material times, Defendant C.P.A. was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

8. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV. FACTUAL ALLEGATIONS

9. Defendants operate a restaurant known as Stresa Italian Restaurant, located at 2710 Okeechobee Boulevard, West Palm Beach, Palm Beach County, Florida.

10. Plaintiff worked as a server for Defendants from October, 2014, approximately, through January, 2017 ("Relevant Time Period").

11. During the Relevant Time Period, the applicable Florida minimum wage was $7.93 per hour in 2014, $8.05 per hour in 2015 and 2016, and $8.10 per hour in 2017.

12. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

13. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

14. Plaintiff was forced to share tips directly or indirectly to management in violation of the Act.

15. Plaintiff was forced to share tips with owners in violation of the Act.

16. Plaintiff was required to pay for impermissible business expenses such uniform purchase and maintenance in violation of the Act.

17. Plaintiff was not given proper notice of Defendants' policies regarding the tip credit.

18. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) and 531.35 during the Relevant Time Period and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum wage obligation, and must therefore pay Plaintiff the full minimum wage for each regular hour worked.

19. Because of the institution and maintenance of the illegal tip-sharing scheme and tip credit violations during the Relevant Time Period, which Defendants knew of or showed reckless disregard for the matter of whether its conduct was prohibited by statute, Defendants willfully engaged in practices that denied Plaintiff the applicable minimum wage under the FLSA.

20. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

21. Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

22. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in which she was forced to share her tips with non-tipped employees such as management and owners.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

23. Defendants willfully and intentionally forced Plaintiff to pay for impermissible business expenses, including uniform purchase and maintenance, with her own wages.

24. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

25. By forcing Plaintiff to share her tips with non-tipped employees such as management and owners, and to pay for impermissible business expenses, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked.

26. As a direct and proximate result of forcing Plaintiff to share tips with non-tipped employees such as management and owners, and to pay for impermissible business expenses, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff SUSAN SCALERO demands judgment in her favor and against Defendants C.P.A. OF PALM BEACH COUNTY, INC. and GAETANO TREVISAN as follows:

a) Award to Plaintiff for payment of all hours worked up to forty hours per week at the full minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully Submitted on January 27, 2017.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2017, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.

## SCALERO v. C.P.A. OF PALM BEACH COUNTY, INC. and TREVISAN
## CASE NO.

### Service List

**Robert W. Brock II, Esq.**
Fla. Bar No.: 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
Primary Emails: robert@kuvinlaw.com;
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808